MARY A. HINES, Respondent, *v.* THE CITY OF LOCKPORT, Appellant.

Where the power is conferred upon public officers or a municipal corporation to make improvements, such as streets and sewers, and keep them in repair, the duty to make them is *quasi* judicial or discretionary, and for a failure to exercise the power or an erroneous estimate of the public needs, no civil action can be maintained. But when the discretion has been exercised and the improvement made, the duty of keeping it in repair so as to prevent its being dangerous to the public is ministerial, and for a negligent omission to perform it an action by the party injured will lie.

The absence of necessary funds and of legal means to procure them will excuse the neglect, but must be shown as a defence.

Where by the charter of a city its common council are constituted commissioners of highways, and they are authorized to use certain funds in defraying the expenses of repairing and keeping in order the streets, highways, etc., this is sufficient to cast upon the city the duty of keeping the crosswalks in safe condition which have been constructed in streets or highways under the direction of the city, and the fact that provisions are made in the charter authorizing assessments for local improvements, including such repairs, does not relieve the city from that duty.

(Submitted June 17, 1872; decided November 12, 1872.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendant, entered upon the report of a referee. (Reported below, 41 How. Pr., 435 ; 5 Lans., 16.)

This action was brought to recover damages for injuries sustained by plaintiff by falling through a defective crosswalk in one of defendant's streets.

It appeared that the crosswalk in question was built under the direction of the common council of the city; that it was at the time plaintiff was injured out of repair and in a dangerous condition, and had been so for a long time, and plainly to be seen. In passing over it in the night-time plaintiff fell through a hole in it and was seriously injured. The provisions of the charter of defendant and of the various amendments thereto, upon which its liability depended, are set forth in the opinion. The referee found that the common council of the city, under its charter, had discretionary power to direct by ordinance the crosswalks to be repaired, and to assess the expenses upon the property benefited, but could not repair otherwise, and that for the failure to exercise this discretionary power the city was not liable, and directed dismissal of complaint with costs. Judgment was entered accordingly.

*James F. Fitts* for the appellant. Plaintiff has by law discretionary powers relative to the making and repair of sidewalks, and in case of failure to repair, it can incur no liability for private damage therefor. (Laws 1867, chap. 824, § 1; Laws 1866, chap. 542, pp. 1162, 1163, 1164, §§ 1, 3, 5; Laws 1865, chap. 365; Laws 1868, chap. 809; *Cole* v. *Trustees of Medina,* 27 Barb., 218, General Term, 8th dist., 1858: *Peck* v. *The Village of Batavia,* 32 id., 634, General Term, 8th dist., 1860; *Hart et al.* v. *The City of Brooklyn,* 36 id., 226, General Term, 2d dist., 1862; *Herrington* v. *Village of Corning,* 51 id., 396; *Mills et al.* v. *City of Brooklyn,* 32 N. Y., 496–498; *Wilson* v. *The Mayor, etc., of N. Y.,* 1 Den., 599.)

*S. W. Lockwood* for the respondent. A municipal corporation is bound to keep its streets and walks in a safe condition for public use, and is liable for damages arising from a neglect to do so. (*Requa* v. *City of Rochester*, 45 N. Y., 129; *Davenport* v. *Ruckman and the Mayor of N. Y.*, 37 id., 568; *Furzee* v. *New York City*, 3 Hill, 612; *Storrs* v. *City of Utica*, 17 N. Y., 104; *Conrad* v. *The Village of Ithaca*, 16 id., 158; *Hutson* v. *Mayor, etc., New York*, 9 id., 163; *Hickok* v. *Village of Plattsburgh*, 16 id., 161; *Clark* v. *The City of Lockport*, 49 Barb., 580; *Wallace* v. *The Mayor, etc., of New York*, 2 Hilt., 440; *Rochester Lead Co.* v. *City of Rochester*, 3 Comst., 463; *Hines* v. *The City of Lockport*, 41 How., 435.) Though the language of its charter empowering it to keep its streets and walks in repair is that of permission, its nature is plainly imperative. (*Hutson* v. *Mayor, etc., of N. Y.*, 9 N. Y., 163, 168, 169; *Furzee* v. *N. Y. City*, 3 Hill, 612; *Adsit et al.* v. *Brady*, 4 id., 630; 1 Den., 601; *Wallace* v. *Mayor of N. Y.*, 2 Hilt., 440; *Davenport* v. *Ruckman*, 37 id., 573.)

Rapallo, J. Where power is conferred on public officers or a municipal corporation to make improvements, such as streets, sewers, etc., and keep them in repair, the duty to make them is *quasi* judicial or discretionary, involving a determination as to their necessity, requisite capacity, location, etc., and for a failure to exercise this power, or an erroneous estimate of the public needs, no civil action is maintainable. (*Mills* v. *City of Brooklyn*, 32 N. Y., 489.)

But when this discretion has been exercised, and the street, sewer or other improvement has been made, the duty to keep it in repair so as to prevent it from being dangerous to the public, is ministerial, and for a negligent omission to perform this duty, an action lies by the party injured. (36 N. Y., 54; 32 id., 489; 1 Den., 595; 9 N. Y., 169; 45 id., 129; 46 id., 194; 37 id., 568.)

The absence of the necessary funds and of the legal means of procuring them, will excuse the non-performance of this

duty; but it seems that such absence of means should be shown as a defence. (*Hover* v. *Barkhoof*, 44 N. Y., 113, 118; *Adsit* v. *Brady*, 4 Hill, 630, 634.)

The provision of the charter of the city of Lockport (Laws of 1865, p. 661), which empowers the common council of the city to direct the making, repairing, etc., of streets, alleys, sidewalks and crosswalks, and the provision (Laws of 1865, p. 670, as amended by Laws of 1867, p. 2071), constituting the common council commissioners of highways for said city, and authorizing them to regulate and repair the streets, alleys, highways, bridges, side and crosswalks, etc., in connection with the provisions at pages 2075 and 2076 of the Laws of 1867, and page 2007 of Laws of 1869, which authorize them to use, in defraying the expenses of repairing and keeping in order the highways, streets, etc., $2,500 of the money they are authorized to raise, and also the moneys collected by poll tax, with the power to assess inhabitants for highway labor, were, in our judgment, sufficient to cast upon the city the duty of keeping in a safe condition the crosswalk in question, which had been constructed under the direction of the city, and was laid in a highway. The provisions of the act of 1866, pages 1162, 1163, 1164, which authorize assessments for local improvements, including the repair of sidewalks and crosswalks, did not, in our opinion, relieve the city from that duty. The city is not restricted to the measures therein provided, in making necessary repairs to existing crosswalks, but has power to act directly under the other provisions of the charter. There is no finding or proof that the means placed at the disposal of the city for the purpose of highway repairs had been exhausted, nor did the referee place his judgment upon any such ground, but upon the sole ground that the power to repair was discretionary, and the city was not responsible for omitting to exercise it.

In this we think he erred. The power was imperative, and imposed upon the city the duty to exercise it, though words of command were not used. (*Hutson* v. *Mayor, etc.*, 9 N. Y., 163; *Mayor, etc.*, v. *Furze*, 3 Hill, 612.) Whether dis-

cretionary or not, depends upon the nature of the power or duty, and, as has been shown, the duty of keeping highways, etc., in such repair as to be safe, is not discretionary or judicial in its nature, but ministerial.

The findings of the referee clearly show a negligent omission of this duty on the part of the city, by which the plaintiff was injured, without contributory negligence on her part, and also assess the amount of the damages she has sustained, but the referee dismissed the complaint on the ground before stated.

The order of the General Term granting a new trial must be affirmed, and as the plaintiff is consequently entitled to an absolute judgment under the stipulation on appeal, the judgment should be for the amount of damages found by the referee, with costs in this court and the court below.

All concur.

Judgment accordingly.