JOHN HILLER by ALMYRON HILLER, his Guardian, Respondent, v. THE VILLAGE OF SHARON SPRINGS, Appellant.

*Evidence — exhibition of the plaintiff's injured limb to the jury in an action for damages — the condition of the limb at the time of the trial may be proved — Liability of a village for neglect to repair the sidewalks therein — when it will be deemed to have accepted a sidewalk constructed by a private person.*

In an action to recover damages for injuries to the plaintiff's leg, alleged to have been occasioned by the defendant's negligence, it is not error for the court to allow the plaintiff to exhibit his leg to the jury.

Evidence as to the condition of the leg at the time of the trial may also be given.

Although, under the general act providing for the incorporation of villages (sub. 25, § 3, title 3, of chap. 291 of 1870), it is for the trustees to determine where, when and how wide sidewalks shall be constructed, and whether they shall be paved, planked or flagged, and an individual cannot, by constructing a sidewalk in front of his premises, compel the trustees to accept it or keep it in repair; yet, where an individual voluntarily constructs a sidewalk, not merely for his own benefit, but also for that of the public, the trustees may, by acquiescence in his act for a sufficient length of time, or by other acts, show their acceptance of the sidewalk, and thus become bound to keep it in repair, and render the village liable to anyone who may be injured by their failure so to do. No distinct act of adoption or acceptance of the sidewalk need be shown, nor any positive recognition of it.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried. The action was brought to recover damages alleged to have been sustained by the plaintiff by falling upon the sidewalk in one of the streets of the village of Sharon Springs, opposite to the residence of one Henry Voorhees.

*S. L. & F. M. Mayham,* for the appellant.

*W. C. Lamont,* for the respondent.

LEARNED, P. J. :

The first objection of the defendants is that the court should not have permitted the plaintiff to exhibit to the jury this injured leg. To do this was no violation of the principle (as the defendant claims it was) that a jury must not decide a case on their private

knowledge. That principle only excludes evidence which is not produced before them on the trial. But if the plaintiffs leg was injured, there is no more certain and unquestionable way of proving that fact to a jury, than by showing them the leg itself. It is proper evidence. There is no objection to it merely because it may excite the sympathy of the jury.

So, too, there is no ground for the objection to the proof of the condition of the leg at the time of the trial. In actions like this the damages to be given depend greatly on the permanence of the injury.

Another exception is to the refusal to permit the defendant to prove that Voorhees, the owner, built the sidewalk at his own expense. It is not necessary to consider this, because the fact was afterwards abundantly proved by the testimony of Voorhees and was not disputed.

The exception that it was not shown that the place where the accident happened was within the corporate limits cannot be heard on this appeal. The evidence of Voorhees was enough to establish the fact in the absence of contradictory proof, and the whole trial proceeded on the assumption that the accident did occur within the corporate limits. The answer substantially admits this.

Whether or not the plaintiff was himself negligent, was in a very careful and judicious manner left to the jury to decide. There is no reason to review their decision.

Some questions were raised by the motion for a nonsuit, viz., that there was no proof of notice of the defect to the officers; that time enough had not elapsed to make a constructive notice; that there was no proof that the defendant constructed or directed to be constructed the sidewalk.

It is not claimed that the defendants had actual notice. But it is claimed that the imperfection in the sidewalk had existed long enough to authorize the jury to find constructive notice. This question was submitted to the jury. It depended partly on the testimony of Hutchinson, who lived next to the Voorhees property. He testified to seeing the hole the summer before the plaintiff was hurt. It is true he called that time the summer of 1878, and the accident was in January, 1878. But it was a question for the jury whether he was in error as to the year, or as to relative time.

Others had seen the hole before the accident. And we think that the court could not properly have withheld that question from the jury.

It is strongly urged by the defendant, that it was under no liability in regard to this sidewalk, on the ground that it had never constructed the sidewalk, or directed its construction or assumed care of it.

This presents the most important of the questions in the case. Of course, as the defendant did not construct the plank sidewalk, it can be liable only for some negligence, that is, for some neglect of duty in respect thereto. The duty of the defendant in this respect depends on the general act. Chapter 291, Laws 1870, title 3, section 3, subdivision 25, authorizes the trustees to regulate and prescribe the width of sidewalks, to pave, flag or plank sidewalks. Section 4 authorizes them to compel the owners or occupants of lands, in front of which a sidewalk is to be made or repaired, to make such improvements, and also authorizes the trustees to determine and prescribe the manner, the materials and the quality thereof.

These things, then, are in the discretion of the trustees. It is for them to determine how wide a sidewalk shall be, and how it is to be paved, planked or flagged. No action, therefore, lies against them merely for not paving, planking or flagging. (2 Dill. Mun. Corp., § 949 [753]; *Saulsbury* v. *Ithaca*, 31 Sup. Ct., N. Y. [24 Hun], 12; *Hines* v. *Lockport*, 50 N. Y., 236.)

Nor can the mere act of an individual, in putting down on a sidewalk plank or flagstones, compel the village to adopt as its own, such an improvement; otherwise the discretion vested in the trustees as to the width of sidewalks and the material of which they should be constructed might be taken away.

On the other hand, however, it is the plain duty of the trustees to keep the roads in good repair. (Tit. 3, § 3, sub. 25.) And this must include the duty of keeping in repair the sidewalks as well as the middle of the streets.

If an individual voluntarily puts down a sidewalk the village may, by acquiescence in the act for a sufficient length of time, and by other acts, accept the sidewalk, and with it the village must take the obligation to keep it in repair. In *Saulsbury* v. *Ithaca*, above cited, it was claimed to be the absolute duty of the village to build

sidewalks wherever it had streets.    And this, it was held, was incorrect.    Nor can it be said that whenever a street is opened in any part of a city or village, no matter how unfrequented, if an occupant lays down stones or planks along the side of his property the city or village at once becomes liable to keep them in repair.    In country roads there are usually no sidewalks; and evidently it must be left to the judgment of the municipal authorities to say where sidewalks are needed, and how wide they should be.    But if an occupant has constructed a suitable sidewalk not for his own use merely, but for the public, and if, for many years, the public have used it, then the municipal authorities may be considered to have practically adopted it.

It must be a question whether, under the circumstance of each case, the city or village has, by lapse of time and by acquiescence, accepted the structure as its own.    (*Requa* v. *Rochester*, 45 N. Y., 134; *Heacock* v. *Sherman*, 14 Wend., 61; *Dygert* v. *Schenck*, 23 Wend., 450.)    If it has so accepted it, then the same duty of keeping in repair exists as if the structure had been made by the direction of the city or village.    An examination of the peculiar facts of the case last cited will show that, even if that question had been considered by the referee, he might have found that there had been no acceptance.

In applying the rule thus stated to the present case we have to see whether any question was properly raised by the defendant on the trial, in the ruling on which there was error.    When the plaintiff rested, the defendant moved for a nonsuit on the ground (among others) that there was no proof that the defendant had in any way adopted this sidewalk.    At the close the motion was renewed on the same grounds.    No exception was taken to the charge.    Now the evident view of the defendant was that there had been no distinct act of adoption or acceptance of this sidewalk, and no positive recognition of it.    But as we have seen this is not necessary.    And there was some evidence from which the jury might have found that acquiescence in the structure, which would have made the defendant liable for negligence in failing to keep it in repair, after notice.    If the defendant had desired to raise the question, the learned justice should have been asked to submit to the jury the question whether there had been, under the circum-

stances, such acquiescence that the defendant was to be held to have accepted the sidewalk. This was not done. And, therefore, there was no error in the refusal to nonsuit or to grant a new trial.

Present — LEARNED, P. J., BOOKES and WESTBROOK, JJ.

Judgment and order affirmed, with costs.