<hr/>

### BELL et al. v. CITY OF ROCHESTER.

(Supreme Court, Special Term, Monroe County.  July, 1894.)

1. INJUNCTION—RIGHT TO ENTRY OF FINAL JUDGMENT.
     The Code of Civil Procedure does not authorize an injunction on affidavits after final judgment.

**2. SAME—AGAINST CITY—PUBLIC IMPROVEMENTS.**

   A municipal corporation will not be enjoined from exercising its discretionary powers in making public improvements within the scope of its charter. Hines v. City of Lockport, 50 N. Y. 236, followed.

Application by David K. Bell and others for an injunction restraining the city of Rochester from constructing overflow sewer outlet. Denied.

Hubbell & McGuire, for plaintiffs.

C. D. Kiehel, for defendant.

DAVY, J. This is an application for an injunction order to restrain the city of Rochester from constructing an overflow outlet sewer in connection with the East Side trunk sewer, and from permitting any of the contents of the trunk sewer from being conducted through the overflow into Thomas creek. The motion is based upon affidavits, and the final judgment obtained in this action in 1889, granting a perpetual injunction restraining the city of Rochester from permitting sewage to be discharged from Monroe avenue or Nichols park sewers into Thomas creek, or into any of the creeks, streams, or waters flowing through the town of Brighton, upon the ground that the same is a nuisance, and detrimental to the public health. The court directed that the issuing of the injunction should be stayed for a reasonable time, to enable the city to devise some means to dispose of the sewage. It appears from the affidavits read upon this motion that the city is endeavoring, in good faith, to comply with the order of the court; that it has caused to be constructed, at great expense, what is known as the "East Side Trunk Sewer," which will carry off all the sewage from Monroe avenue outlet and Nichols park sewers, and empty it into the Genesee river, so that no sewage from these streams, or any others in the city of Rochester, will empty into Thomas creek, or into any of the creeks or streams in the town of Brighton.

It is claimed by the city officials having charge of the construction of the trunk sewer that in order to provide an outlet for the water that will be liable to accumulate in said sewer during unusual rainfalls and freshets, and to prevent it from setting back into the lateral sewers and flooding the cellars in the eastern part of the city, it is necessary to construct several storm overflows along the line of the trunk sewer, and that the overflow in question is to be arched over with solid masonry, commencing at a point in the trunk sewer near the junction of Culver street and University avenue, and extending to Thomas creek, in the town of Brighton. Mr. Kuichling, the chief engineer of the waterworks department, says that the present capacity of the trunk sewer at University avenue is about 13 times greater than the present maximum volume of sewage, and that the storm overflows will be necessary only in case of unusual rainfalls and freshets, and that the water that will flow at such times out of the trunk sewer into the overflows will not contain any appreciable amount of sewage; so that the quantity of sewage, if any, that may eventually escape through the overflows into Thomas creek, is speculative and uncertain. But, independent of the ques-

tion as to the quantity of sewage that may eventually escape through the overflows, this court, upon this application, has no power to grant an additional or supplemental injunction. A court of equity derives its authority to grant an injunction order from the Code of Civil Procedure, and there is no authority in the Code authorizing the granting of an injunction upon affidavits after the final judgment has been obtained. It was held in Jackson v. Bunnell, 113 N. Y. 219, 21 N. E. 79, that, under the laws of this state, there is no authority for granting an injunction after final judgment. The restraint, if any, must be contained in the final judgment, or it cannot be granted at all. Gardner v. Gardner, 87 N. Y. 18; Code Civ. Proc. § 602; High, Inj. § 1591. The final judgment obtained in this action does not restrain the city from building sewers or storm overflows. This court, therefore, has no power, upon this motion, to grant a supplemental injunction to restrain the city from constructing the overflow in question. The relief asked for upon that point could only be granted, if at all, in an action brought for that purpose. I am of the opinion, however, that such an action could not be maintained if it were brought. No claim is made by the plaintiff that the city, in constructing the overflows, is not acting legally, and within the scope and authority delegated to it by the charter and special act of the legislature. This court, therefore, would have no more right to restrain the city from building such overflows or subways than it would to prevent it from building the trunk sewer. No additional injunction is necessary to restrain the city from creating a nuisance by turning its sewage through the overflows into Thomas creek. The present injunction is ample and sufficient for that purpose.

It is claimed by the defendant that all large cities, in constructing trunk sewers, usually build overflows, and that the East Side trunk sewer cannot be constructed properly without them; that they are absolutely essential to relieve it from the volume and pressure of water that may accumulate in times of freshets, and to prevent the water at such times from setting back into the lateral sewers, and thereby endangering the health and property of the people residing in the eastern part of the city. If the defendant's contention is well founded, it is the duty of the city to provide some plan for relieving the trunk sewer at such times from the overflow water; and, in performing this duty, the municipality must be permitted to exercise its discretion as to the best mode of accomplishing it. The courts have no legal right to say that the overflows or subways shall be dispensed with, or how or where they shall be constructed. While the city must obey the order of the court granted in this action, and remove the sewage nuisance as soon as practicable, yet the mode of accomplishing it cannot be controlled by the courts. That must be left to the discretion of the municipality. Where a city, by its charter, is vested with certain discretionary powers as to the mode of making public improvements, the principle is well settled that such discretion cannot be interfered with by injunction, at least not as long as it is acting within the scope and authority vested in it by the legislature. Judge Dillon, in his work on Municipal

Corporations (volume 1, § 95), says that where a municipal corporation, by its charter, is empowered to make public improvements, its determination, whether wise or unwise, cannot be judicially revised or corrected by the courts. It is made the duty of the city to remove, as far as it is able, every nuisance which may endanger health; but, he says, "the courts, unless the power be transcended, cannot ordinarily interfere to control the manner in which it shall be done." In Lynch v. Mayor, 76 N. Y. 60, the court held that a city, in constructing sewers, may exercise its discretion, subject to no review or question in any court, whether at any particular place it will build a sewer, and what waters it will conduct into an existing sewer, and what drains it will connect therewith. Judge Rapallo, in Hines v. City of Lockport, 50 N. Y. 236, says:

"Where the power is conferred upon public officers or municipal corporations to make improvements, such as streets, sewers, etc., and keep them in repair, the duty to make them is quasi judicial or discretionary, involving a determination as to their necessity, requisite capacity, location, etc.; and for a failure to exercise the power, or an erroneous estimate of the public needs, no civil action can be maintained."

The above remarks are directly in point and applicable to this case. The city must be permitted to adopt its own plans for building the trunk sewer and overflows, and whether better plans might have been adopted, and the overflows dispensed with, are questions which this court cannot, upon this motion, judicially determine. The motion, therefore, must be denied.