*GUERNSEY CO. (COMRS.) v. SAMUEL BLACK.

1. **Act Permitting Empaneling Jury from Adjoining County in Action Against Commissioners Applies to Action Accrued at Time of Enactment.**

    Act 102 O. L. 41, amending Gen. Code 11418-1, relating to the drawing of jurors from an adjoining county in an action under Gen. Code 2408 against a board of county commissioners, is constitutional and applies to a cause of action accruing before the enactment of the statute, no substantial or vested rights of the parties are affected as the method of empaneling a jury relates only to the remedy.

2. **Actual Notice of Defects in Highway not Required to Render Board of County Commissioners Liable for Injury Resulting Therefrom.**

    Actual notice of a defect in a highway is not necessary to charge a board of county commissioners with liability for injuries re-

---

*Affirmed, no op., Guernsey Co. (Comrs.) v. Black, 83 O. S. 587.

sulting therefrom; it is sufficient that the facts and circumstances be such that they are constructively required to take notice thereof.

3. **Absence of Funds to Repair Defect in Highway Held a Matter of Defense to Action for Personal Injuries Resulting From Such Defect.**

Absence of funds in board of county commissioners' hands with which to make repairs upon a highway is a defense to a cause of action for injuries resulting from failure to repair the defect and must be pleaded by answer of such board and proved.

4. **Person Driving off Edge of Macadamized Drive in Highway Not Negligent.**

A person driving upon a public highway, part of which is macadamized, is not compelled to keep on such part; hence such person is not guilty of contributory negligence in driving a foot or so outside of the path made by continuous travel.

[Syllabus approved by the court.]

Error to common pleas court.

The action in the court of common pleas was commenced on March 7, 1908, and on May 11, 1908, a motion was filed to strike out some parts of the petition, and to make other parts more definite and certain.

On August 4, 1908, this motion to the petition was overruled, and the defendant given leave to answer on or before August 29, 1908, but no answer was filed at that time.

On September 28, 1908, on leave then given, the petition was demurred to for the following reasons:

1. There is a defect of parties defendant, to-wit: The Board of County Commissioners of Guernsey County, Ohio, should be a party defendant.

2. The petition does not state facts sufficient to constitute a cause of action.

In the original petition the defendant was designated as "The Commissioners of Guernsey County, Ohio."

The case was submitted to the court of common pleas on this demurrer to the petition on October 24, 1908, and on September 10, 1909, said court sustained said demurrer and gave leave to amend the petition, and the caption thereof by inserting the words "Board of" after the word "The" and before the word "Commissioners" on or before September 25, 1909.

To this amended petition a general demurrer was filed on November 11, 1909, and on January 17, 1910, this demurrer was sustained and the petition and amended petition dismissed and judgment entered against the plaintiff.

On April 20, 1910, the circuit court of Guernsey county, *Black* v. *Guernsey Co.* (*Comrs.*) 31 O. C. C. 659 (13 N. S. 252), found that the court of common pleas had erred in sustaining the demurrer to the amended petition and remanded the case to said court for further proceedings, and to this finding of the circuit court no exception was taken by the board of commissioners of Guernsey county, Ohio.

On November 4, 1910, this cause was tried to a Guernsey county jury which disagreed.

On May 3, 1911, a jury was drawn from Muskingum county on the motion of this defendant, and on May 10 and 11, 1911, this cause was tried to this jury and it returned a verdict for $2000.

A motion for a new trial was filed and on June 30, 1911, this was overruled and a judgment entered on the verdict.

On August 29, 1911, a petition in error was filed in the circuit court of Guernsey county, Ohio.

*C. F. Sheppard*, for plaintiff in error.

*J. S. Black*, for defendant in error:

Liability of county for defect in county road. *Yunker* v. *Sandusky Co.* (*Comrs.*) 31 O. C. C. 552 (11 N. S. 527) ; *Morgan Co.* (*Comrs.*) v. *Storage Co.* 75 Ohio St. 244 [79 N. E. Rep. 237] ; *Ebert* v. *Pickaway Co.* (*Comrs.*) 75 Ohio St. 474 [80 N. E. Rep. 5] ; *Salt Creek Val. Tpk. Co.* v. *Parks,* 50 Ohio St. 569 [35 N. E. Rep. 304; 28 L. R. A. 769] ; *State* v. *Wood Co.* (*Treas.*) 17 Ohio 184; *Grove* v. *Franklin Co.* (*Comrs.*) 4 Circ. Dec. 382 (8 R. 166) ; 11 Enc. Law (2 ed.) 353, 354, 355, 356; *Faucher* v. *Tutewiller,* 76 Ill. 195; *Palatka I. Ry.* v. *State,* 23 Fla. 546 [3 So. Rep. 158; 11 Am. St. Rep. 395] ; *People* v. *Mahaney,* 13 Mich. 481; 1 Story, Construction (3 ed.) Sec. 454; *Cherokee Nation* v. *Georgia,* 30 U. S. (5 Pet.) 1 [8 L. Ed. 25] ; 16 Cyc. 561; *Hardin Co.* (*Comrs.*) v. *Coffman,* 60 Ohio St. 527 [54 N. E. Rep. 1054; 48

Guernsey Co. (Comrs.) v. Black.

L. R. A. 458] ; *Hardin Co. (Comrs.) v. Coffman,* 10 Circ. Dec. 91 (18 R. 254) ; *Alexander* v. *Brady,* 61 Ohio St. 174 [55 N. E. Rep. 173] ; *Low* v. *Leichty,* 25 O. C. C. 240 (1 N. S. 431) ; *Mahoning Co. (Comrs.)* v. *Railway,* 45 Ohio St. 401 [15 N. E. Rep. 468] ; *Durnell* v. *Traction Co.* 19 Dec. 112 (7 N. S. 136) ; *Black* v. *Guernsey Co. (Comrs.)* 31 O. C. C. 659 (13 N. S. 252) ; *Shartle* v. *Minneapolis,* 17 Minn. 308; *Smith* v. *Wright,* 27 Barb. (N. Y.) 621; *Bartlett* v. *Crozier,* 17 Johns. (N. Y.) 439; *Oakley* v. *Mamaroneck,* 39 Hun. (N. Y.) 448.

Constitutionality of act 102 O. L. 41, *Snell* v. *Railway,* 60 Ohio St. 256 [54 N. E. Rep. 270] ; *Lawrence* v. *Mahoning Co. (Comrs.)* 35 Ohio St. 1; *Templeton* v. *Kramer,* 24 Ohio St. 554; *Rairden* v. *Holden,* 15 Ohio St. 207.

## METCALFE, J.

This action was brought to recover damages claimed to have been suffered by the defendant in error—plaintiff below— by reason of a defect in the highway known as the National Road. Mr. Black recovered a judgment in the common pleas court, and error is here prosecuted. Several grounds of error are alleged :

First, it is claimed that there is no liability on the part of the commissioners, as shown by the petition; the verdict is against the weight of the evidence; that the law under which the jury was drawn, and the case tried, is unconstitutional, and that there is error in the charge of the court.

In the limited time that I have I cannot discuss these questions to any great extent, but will only call the attention of counsel to the points that we think are decisive. Whether or not there was any liability on the part of the commissioners as shown by the facts stated in the petition, is a question that this court has passed upon once, and we do not feel at this time that we are called upon to reverse the decision that was made at that time, and that is all that we care to say upon that question. See *Black* v. *Guernsey Co. (Comrs.)* 31 O. C. C. 659 (13 N. S. 252).

Is the law (Gen. Code 11418-1, amended 102 O. L. 41) under which the jury was drawn in this case unconstitutional? The law provides that where the county commissioners and some

other officers which are named are parties to an action, a jury may be drawn from another county, and that was done in this case, the jury having been drawn from Muskingum county. We think, without entering upon a discussion of that question, that the Supreme Court has settled it in *Snell* v. *Railway*, 60 Ohio St. 256 [54 N. E. Rep. 270], in which the law authorizing a change of venue in cases where a corporation having more than fifty stockholders resident of the county is a party, settles that question. We think that case is decisive of the constitutionality of this law, and it is not necessary to discuss it more.

Counsel still say, however, that in the event the law is constitutional, it should not apply here because it was passed after this case was commenced; that they have a vested right in the remedy which was in force at the time—that is, which was provided for by the statute at the time the action was commenced. Impaneling a jury is part of the procedure by which the machinery of justice moves. It relates only to the method by which the remedy is administered. By changing it the right of a party to sue or defend is not affected. His substantial rights are not changed. We think a party cannot acquire a vested right in a remedy, or any part of it. *Lawrence Ry.* v. *Mahoning Co. (Comrs.)* 35 Ohio St. 1; *Templeton* v. *Kraner*, 24 Ohio St. 554, 563; *Rairden* v. *Holden*, 15 Ohio St. 207, 211.

It is claimed also that the court erred in its refusal to charge a request which was preferred on the part of the defendant, in which—without stopping to read it all—the court is asked to charge the jury that if they found that there was a defect in the highway, and that that was the proximate cause of the accident, still they would not be liable unless the jury also found that the commissioners had actual notice of the defect. We do not think that states the law. An actual notice was not absolutely necessary. The facts and circumstances might be of such a character that the commissioners might be required to take notice, although they did not have actual notice. I notice, however, in going through the charge that this request is substantially given in the charge, so that there would be no error in failing to give it, anyway.

Guernsey Co. (Comrs.) v. Black.

Again, it is urged that there must have been an allegation in the petition in this case that the commissioners had funds in the treasury, and at their disposal, with which to make repairs upon this road. We do not have any doubt, after having consulted the authorities upon that question, that the fact that the commissioners had no funds with which to make repairs upon the road, or had no means of procuring funds, is a defense to a cause of action arising out of an accident for failure to repair a country road. But when the plaintiff states his cause of action must he allege that the commissioners, or the proper officers, have provided and have under their control sufficient funds to meet the necessary repairs, or is it a defense? In our judgment it is a defense, and must be plead and proved by the commissioners. And upon this question we call the attention of counsel, as sustaining that proposition, to *Hover* v. *Barkhoof*, 44 N. Y. 113, 118, in an action similar to this. The same doctrine is also held in *Hines* v. *Lockport*, 50 N. Y. 236, and counsel will find a collection of the authorities in 15 Am. & Eng. Enc. Law (2 ed.) 412, upon that question.

The question in this case which bothers us the most, and which we had given the most consideration, is whether or not upon the evidence in this case the plaintiff is entitled to recover. It appears that Mr. Black was driving upon the highway, and driving a horse that was somewhat restive, and he met an automobile. He raised his hand to the driver of the automobile to stop, and he did stop upon the north side of the highway. Something like 200 feet beyond where the automobile stopped, and in the direction which Mr. Black was going, there was this defect in the highway; and it is shown that there was a substantial defect there; where the culvert had crossed the highway, and outside of the traveled part of the highway, but in the graded part, it had fallen down, and there was a hole. He drove on; and when he passed the automobile he passed upon the south side of the road, but afterwards drove upon the north side. And he says his horse was under control at the time. He passed along upon the north side of the road, either his horse very close to the side of the macadam—perhaps in the wheel track, or his right wheel in the wheel track—at any rate, very close to it, and the

Guernsey County Circuit.

left wheel of the buggy went into this culvert, and he was pitched out and received some injuries.

Now, in a case of this kind it is urged that the rule that where a party departs from the known safe path, and takes another path, and is injured, that he must stand the consequences of his injuries. But where you are upon a traveled road what is the safe path? Is it simply a path—a roadway eight or ten or fifteen feet wide, as the case may be, upon which are the wagon tracks, or wheel tracks, that are made by continuous travel; and if you get a foot or a foot and a half outside of that are you guilty of contributory negligence? And that is the question here.

Now, this man, Mr. Black, was very close, evidently — very close to the traveled part of the highway, and the wheels upon one side of his buggy were only off from it when he went into this hole. Now, under such circumstances we do not feel we can say he was guilty of contributory negligence; and under the evidence and the law of the case we are inclined to think that the judgment should be affirmed, and that is the judgment of this court.''

**Pollock** and **Norris, JJ.,** concur.