[No. 3,085.]

## L. B. WEBBER ET AL. *v.* WILLIAM WILCOX ET AL.

LIABILITY OF SURETIES ON INJUNCTION BOND.—If the plaintiff, in an action to obtain a perpetual injunction restraining the commission of trespasses, at the time of commencing suit obtains a preliminary injunction, and on the trial it is made perpetual, and the judgment is afterwards reversed and the action dismissed, the sureties on the injunction bond are not liable for any damages accruing after the entry of the decree making the injunction perpetual.

APPEAL from the District Court of the Sixth Judicial District, County of Sacramento.

The plaintiffs had judgment for damages in a suit against sureties on an injunction bond, and the defendants appealed.

The facts are stated in the opinion.

*George Cadwalader,* for Appellants.

The defendants were only liable for so much of the costs and counsel fees as were made and expended up to the time the temporary injunction was superseded by the final decree of the District Court. (*Prader* v. *Grimm,* 13 Cal. 585; *Ah Thaie* v. *Quan Wan,* 3 Cal. 216; *McGoverny* v. *State,* 20 Ohio, 93.)

*Heard & McConnell*, for Respondents.

Actual costs and a reasonable counsel fee incurred in defending the injunction suit and procuring the dissolution of the injunction may be recovered on the undertaking. (*Ah Thaie* v. *Quan Wan; Prader* v. *Grimm, supra; Guilford* v. *Connell*, 4 Abb. Pr. 220.)

By the COURT:

The plaintiff, in the action of *Saunders* v. *Webber*, obtained a temporary injunction and executed the undertaking in suit, and on the hearing of the cause the District Court, by its decree, ordered that the injunction be made perpetual. On appeal to this Court, the decree was reversed and the cause was remanded for a new trial, and afterwards the cause was dismissed by the District Court, for want of prosecution. The condition of the undertaking is that the makers will pay " such damages  *  *  * as such parties may sustain by reason of such injunction, if said Court finally decides that said plaintiff was not entitled thereto."

The question now presented is whether the plaintiffs can recover on the bond, the amount paid for costs, accruing after the decree of the District Court making the injunction perpetual, and for attorney's fees for services rendered after that time.

The undertaking does not, in terms, provide for any damages accruing after the preliminary order for an injunction has ceased to be operative; and, in fact, the undertaking is coextensive, in point of time, with the order. When the decree for a perpetual injunction was rendered, the order for a preliminary injunction was merged, or ceased to have any further effect, and thereafter the case stood in the same condition in respect to damages as it would have done had no preliminary order been made. No case in this Court is cited

which authorizes the recovery of damages accruing subsequent to the decree making the injunction perpetual; and we are of the opinion that the liability of the sureties would not be extended by construction, beyond the terms of the undertaking.

Judgment reversed, and cause remanded for a new trial.