PATIENCE M. GARDNER, Respondent, *v.* JAMES GARDNER, Appellant.

A temporary injunction, granted, not as a principal subject but as an incident to the action, which by its terms is to continue in force until further order of the court, is abrogated by a final judgment in the action, in favor of plaintiff, which makes no provision for the continuance of the injunction, and does not grant any further or other injunction.

The fact that defendant has appealed from the judgment does not change or modify the legal effect of the judgment in this particular.

Where, therefore, in an action for divorce *a mensa et thoro*, a temporary injunction was granted restraining defendant from interfering with the plaintiff in her peaceful occupation of the house in which she resided, and the furniture therein, until further order of the court and final judgment was perfected therein in favor of plaintiff, allowing alimony, requiring defendant to give a bond for its payment, etc., but making no reference to the said injunction and granting no further or other injunction, from which judgment defendant appealed, giving an undertaking to stay execution, *held,* that an order was improperly granted punishing the defendant as for a contempt in violating said injunction, by causing plaintiff's removal from the premises after the judgment was perfected.

*Gardner* v. *Gardner* (24 Hun, 627), reversed.

(Argued October 18, 1881 ; decided November 22, 1882.)

APPEAL from so much of an order of the General Term of the Supreme Court, in the first judicial department, made May

20, 1881, as affirmed that portion of an order of Special Term, which adjudged defendant guilty of contempt for the alleged violation of a temporary injunction granted herein, and directed the defendant's commitment until the amount of the fine imposed was paid. (Reported below, 24 Hun, 627.)

This action was for a limited divorce on the ground of cruel treatment. It was commenced in 1878, and an injunction was obtained dated October 7, 1878, by which the defendant was restrained from conveying, transferring, incumbering or otherwise disposing of any of his property, real or personal, standing in his name or owned by him, wheresoever situated; and he was also enjoined from interfering with the plaintiff in her peaceable occupation of the house, No. 224 West Fiftieth street, where she then resided, and from interfering with the keeping and using as her own the furniture therein. On October 7, 1880, final judgment was perfected herein in favor of plaintiff, upon the report of the referee. It made provision for the payment of specified sums for back and future alimony, and required defendant to give a bond for such payment, but no mention was made in the judgment of the said injunction, nor was any further or other injunction provided for therein. An appeal was duly taken from the judgment by the defendant, and an undertaking to stay the execution thereof, approved by the court, was duly filed.

It appeared, that in March, 1878, the defendant sold the premises mentioned and others to his nephew, William H. Moger. The referee to whom the matter was referred reported, as the result of his examination, that the transfer to Mr. Moger was made in fraud of the plaintiff's rights in the premises, and with intent to delay and hinder her. It further appeared that the nephew rented the premises mentioned to defendant, and in October, 1880, after the judgment had been rendered herein, the nephew proceeded to dispossess the defendant for nonpayment of rent; also, that the latter was active in that proceeding, having assisted in procuring the men to remove the furniture, and assisting therein and also in putting his nephew in possession of the premises.

*Wm. G. McCrea* for appellant. The injunction contained in the order of October 7, 1878, was interlocutory, and only until the further order of the court. (Code, § 1200.) The judgment was such further order, and as no injunction was contained therein the restraint was removed. (*People* v. *Randall*, 73 N. Y. 416, 422.) A judgment is the law of the case until reversed, and the fact that an appeal has been taken does not affect its conclusiveness while it remains unreversed. (*Sage* v. *Harpending*, 49 Barb. 166 ; *Fellows* v. *Heermans*, 13 Abb. [N. S.] 1, 10.) Suspicions alone cannot prevail against positive testimony. (*Slater* v. *Merritt*, 66 N. Y. 268.)

*Clark F. Whittemore* for respondent. The order of injunction of October 7, 1878, at the time of the alleged violation on the 25th day of October, 1880, was in force. (*Power* v. *The Village of Athens*, 19 Hun, 165 ; *Erie Railroad Co.* v. *Ramsey*, 45 N. Y. 637 ; *Sixth Ave. R. R. Co.* v. *Gilbert El. Road*, 71 id. 433 ; *Fellows* v. *Heermans*, 13 Abb. [N. S.] 1, 12.) The injunction order was properly granted. (*Vermilyea* v. *Vermilyea*, 14 How. Pr. 473 ; 7 Rob. 158.) The defendant not having accepted the decree or order which he claims abrogated the injunction, and having appealed from both and stayed execution, the effect was to suspend the operation of both the decree and order, and to leave the injunction in force. (*Fellows* v. *Heermans*, 13 Abb. [N. S.] 1, 12.) The court had the power to punish the disobedience to its mandate. (§ 14 of Code of Civil Procedure, sub. 3 ; §§ 2266, 2269, 2281, 2284.) The court will not inquire whether the injunction order was proper, only whether the court had power to make it, and whether it was violated. (*People* v. *Sturtevant*, 9 N. Y. 263 ; *Watrous* v. *Kearney*, 79 id. 496 ; *People* v. *Bergen*, 53 id. 404.) The proceedings to punish for contempt were begun by an order to show cause, and were regular throughout. No interrogatories were necessary. (§ 2283 of Code of Civil Procedure ; *Mayor etc.*, v. *N. Y. & S. I. F. Co.*, 64 N. Y. 622.) The fine of $600 was warranted, and costs and expenses, $250. (Code Civil Procedure, §§ 2284, 3240.)

Reasonable counsel fees form a part of the expenses. (*Davis* v. *Sturtevant,* 4 Duer, 148; *People* v. *Compton,* 1 id. 572; *People, ex rel. Garbut,* v. *Rochester & S. L. R. R.,* 76 N. Y. 294; *Van Valkenburg* v. *Doolittle,* 4 Abb. N. C. 73.) The court, of its own experience and discretion, can determine the amount to be allowed as costs and expenses, and unless there has been an abuse of discretion the court will not interfere. (*De Lamosas* v. *De Lamosas,* 62 N. Y. 618.)

*Per Curiam.* The question presented upon this appeal is whether the injunction order granted prior to the judgment was in force at the time the alleged contempt was committed. By the terms of the order it was to continue in force until the further order of the court. No provision is made in the final judgment or order entered upon the referee's report allowing alimony continuing the injunction, nor was any reference made in said judgment to the injunction, nor was any further or other injunction granted thereby. The claim of the appellant rests upon the theory, that the injunction being unconditional and to continue in force only until a further order is made, no such order having been granted it was abrogated by the final judgment. It is no doubt the general rule that the judgment should control, but the question to be determined upon this appeal is whether this principle applies when the defendant has appealed from the judgment and refused to abide by its requirements. It is well settled that a judgment until reversed is conclusive between the parties to the record upon all matters directly adjudicated. So long as it is in force it must be deemed to have determined their respective rights, and the courts are bound to give effect to its determination. (*Fellows* v. *Heermans,* 13 Abb. N. S. 1, 10.) In the case at bar the judgment settled the rights of the parties, and made provision for the payment of alimony amicably. It thus adjudicated upon the subject of the controversy without containing any provision by which the right to the possession and occupancy of the premises was given to plaintiff. This certainly disposed of the injunction and provided for an allowance in its place for the plaintiff's

maintenance and support. If the judgment covered the whole case, as is quite manifest, then it superseded the order of injunction and was a substitute for the same, and the order became merged therein. If the judgment was upheld, plaintiff would be deprived of no rights, as security was given upon the appeal. That it might be reversed does not add to the plaintiff's right to uphold the injunction if it was abrogated thereby. There can be no question that the injunction was abrogated by the judgment, if no appeal had been taken, and the bringing up of such appeal cannot change its legal effect upon any sound principle. The judgment might, perhaps, have provided for the plaintiff's occupation of the premises if the court had so determined, and as it did not so adjudge, it must stand subject to the application of legal rules as to its effect upon the rights of the parties. In the case of *People ex rel. Morris* v. *Randall* (73 N. Y. 416), it was held that when, in proceedings supplementary to execution, an order was issued restraining a third person from disposing of property in his possession belonging to the judgment debtor "until further order in the premises," an order appointing a receiver is such further order and the final order, and any restraint thereafter desired should be inserted in that order. This decision is directly in point as the case involved the effect of the order. Some cases are cited by the respondent's counsel as upholding a different doctrine, but upon an examination of them we are satisfied that they are not in conflict with the rule laid down, and they relate to actions where the injunction was the principal subject in controversy, and where it would be eminently proper for the court, pending an appeal, to interpose its power to command respect to its judgments and obedience to its authority. (*Sixth Ave. R. R. Co.* v. *Gilbert E. R. R. Co.*, 71 N. Y. 430 ; *Erie Railway Co.* v. *Ramsey*, 45 id. 637; *Power* v. *Village of Athens*, 19 Hun, 169.)

It follows from the discussion had that the final judgment was the further order of the court and the appeal taken therefrom did not affect the same so as to restore or reinstate the injunction.

The order appealed from should be reversed and the motion on which the same is founded be denied with costs.

All concur, except MILLER, J., not voting.

Order reversed.