WILLIAM H. JACKSON et al., Respondents, *v.* JESSE H. BUNNELL et al., Appellants.

After a final judgment in an action which does not award an injunction, staying finally and entirely the enforcement of a judgment in another court, and reserves no right to apply upon the foot of the decree, that relief may not be granted by order on affidavits.

A permanent injunction is in no sense a provisional remedy, and can only be granted where the pleadings in an action show its necessity and the remedy is asked as an element of the final relief sought (Code Civil Pro. § 602); and so, it may not be granted by mere order when no action between the parties is pending, although actions covering the controversy have gone to final judgment.

*Travis* v. *Myers* (67 N. Y. 542) distinguished.

(Argued March 5, 1889; decided April 16, 1889.)

APPEAL from order of the General Term of the Court of Common Pleas in and for the city and county of New York, made May 5, 1887, which affirmed an order of Special Term, continuing and making permanent a preliminary injunction granted with an order to show cause upon which the motion was made.

The material facts are stated in the opinion.

*Esek Cowen* for appellants. There was no authority in the court below to grant a permanent injunction on affidavits and after entry of final judgment. (Code of Civ. Pro. §§ 602, 608; *Snelling* v. *Howard,* 7 Duer, 400; *Fellows* v. *Heermans,* 13 Abb. Pr. [N. S.] 1, 9; *Erie R. Co.* v. *Ramsey,* 45 N. Y. 645; *Spears* v. *Mathews,* 66 id. 117; *Wayland* v. *Tyson,* 45 id. 281; *Thompson* v. *E. R. Co.,* 45 id. 468, 472; *Gardner* v. *Gardner,* 87 id. 14.) No injunction, even *pendente lite,* to restrain the defendants from enforcing their lien, can be granted, as the plaintiffs have not shown that they were entitled to such relief in the action. (Abbott's Trial Ev. 832; *Ward* v. *Dewey,* 7 How. 17; *Hulce* v. *Thompson,* 8 id. 475; *Wordsworth* v. *Lyon,* 5 id. 463; Story Eq. §§ 897, 898; *Stull* v. *Westfall,* 25 Hun, 1; Kerr on Inj. [ed. 1871] 613, § 23; *Dawson* v. *Gates,* 1 Beav. 301; *Burgess* v. *Horne,* 14 L. T. 461; *McHenry* v. *Henry,* 90 N. Y. 58; *Olssen* v. *Smith,* 7 How. 481; High on Injunc.

§ 1573; *Gentil* v. *Arnaud*, 38 How. 94; *Hartt* v. *Harvey*, 19 id. 245; *Olmstead* v. *Loomis*, 6 Barb. 152; *Crocker* v. *Baker*, 3 Abb. Pr. 182; *Hovey* v. *McCrea*, 4 How. 31.) The facts presented by plaintiffs were not sufficient to authorize an injunction, because they do not show that the proposed sale would tend to make the judgment ineffectual. (*McHenry* v. *Jewett*, 90 N. Y. 58, 62; *Cameron* v. *White*, 3 Tex. 152; *Henderson* v. *Morrill*, 12 id. 1; *Power* v. *Village of Athens*, 19 Hun, 165; *N. Y. & Albany R. R. Co.* v. *W. S. R. R. Co.*, 11 Abb. N. C. 386; *Bayard* v. *Fellows*, 28 Barb. 451.) No injunction could be granted, as not only the equities were denied in the opposing affidavit, but the preponderance of evidence was to the effect that the allegation in plaintiffs' affidavits were false. (*Steinberg* v. *O'Connor*, 42 How. 52; *Finnegan* v. *Lee*, 18 id. 186; *Blatchford* v. *N. Y. & N. H. R. R. Co.*, 5 Abb. 276; *Cassell* v. *Fiske*, 2 Civ. Pro. Rep. 94; *Am. G. Pub. Assn.* v. *Grocer Pub. Assn.*, 51 How. Pr. 462; *Decker* v. *Decker*, 52 id. 218.)

*N. A. McBride* for respondents. The court below had the power to restrain the enforcement of an execution issued upon the judgment of Bunnell & McLaughlin recovered in a District Court. (*Shaw* v. *Dwight*, 16 Barb. 536; *Foster* v. *Wilson*, 1 Duer, 624; 11 N. Y. Leg. Obs. 624; *Reynolds* v. *Parke*, 5 Lans. 149.) After judgment is rendered in one court injunction may issue from a different court restraining the enforcement of the execution. (*Shaw* v. *Dwight*, 16 Barb. 536; *Chappel* v. *Potter*, 11 How. Pr. 365; *Reynolds* v. *Park*, 5 Lans. 149; 2 Story's Eq. Jur. 688; Willard's Eq. 356.) Aside from general equity power, this court did have power and authority sufficient to grant the injunction order, staying the judgment of the District Court and the enforcement of the execution issued thereon, under the provisions of the Code. (Code Civ. Pro. § 604, subd. 1.)

FINCH, J. The plaintiffs in this case brought their action to foreclose a lien upon certain property belonging to one Myers,

and which consisted of six lots with newly constructed build-
ings thereon, located on the northerly side of Eighty-second
street in the city of New York, and one hundred feet easterly
of the north-east corner of that street and Tenth avenue. Their
notice of lien was filed on the 13th of November, 1886, and
their complaint served on the eighth of the following Decem-
ber. The pleadings in that action are not returned, and we.
cannot know their contents. The referee's report and the final
judgment rendered are before us, and from them and other
papers we are enabled to ascertain that the parties defendant.
were, besides Myers, his general assignee, Roberts, and seven
other persons, among whom were Bunnell & McLaughlin,
who are the present appellants. The latter were made defend-
ants because of a prior lien or attempted lien made and filed
by them. Their notice was filed October 30, 1886, or about two
weeks in advance of the plaintiffs, but described the property
sought to be charged as six three-story houses on the north side.
of west Eighty-second street " commencing about 100 feet from
the corner of Ninth avenue and Eighty-second street." This.
description was probably incorrect, and may not have covered
the houses in question. But it was accompanied by a diagram
upon which the six houses are indicated by the figures "100"
placed between the west lot of the group and the corner of
Tenth avenue. These figures were at first written in the dia-
gram on the other side of the houses and between them and
Ninth avenue, but were at some time erased and put where
they now appear. Before the 13th of January, 1887, Bunnell
& McLaughlin began an action in the District Court of the.
city for a foreclosure of their lien, making no person defendant
except Myers. This the lien law permitted, since their claim
was less than $250. Meanwhile the present action, which was.
in the Common Pleas, proceeded to its termination. Bunnell &
McLaughlin interposed no answer. Their judgment in the Dis-
trict Court appears to have been entered on the 3d day of Decem-
ber, 1886, or three days before the plaintiffs' complaint and notice.
were filed, and contained a correct description which had been
allowed by amendment. They had issued execution and the

sheriff was preparing to sell when the referee's report in this action was filed. . The referee found that Bunnell & McLaughlin had no lien upon the premises, and awarded judgment of sale and foreclosure in favor of the other lienors, any surplus obtained to be paid to the general assignee of Myers. At this stage of the difficulty the present plaintiffs obtained an order to show cause why Bunnell & McLaughlin should not be restrained from enforcing their judgment. This order was founded upon affidavits. It came on to be heard on the same day of plaintiff's application for judgment, and was accompanied by a stay of proceedings or preliminary injunction granted at the same time with the order. Judgment in the action was awarded in favor of the plaintiffs and duly entered. That judgment gave them no relief by way of injunction restraining the enforcement of the prior action. If in their complaint they set out the facts and asked for an injunction, that relief was refused them on the final judgment. If they did not set out the facts, and ask for the needed restraint, of course they could not have it in the judgment. · Undoubtedly they did not, for they claim to have discovered a fraudulent alteration of the notice of lien after their own action was commenced. Their judgment was entered on the fifteenth day of March, which was also the return day of the order, but the permanent injunction was not then awarded. The decision allowing it seems to have been made on the twenty-first of March, and the order was entered as having been granted at a Special Term held on the thirtieth of March. On these facts we are met by the question whether a final and permanent injunction can in any case be granted on motion and by a mere order when no action between the parties is pending, but both actions covering the controversy have gone to final judgment.

Under the law of this state there is no authority for such an order. The Code has abolished the writ of injunction and substituted as a provisional remedy an injunction granted by an order. (Code of Civil Pro. § 602.) It can be awarded only in the cases and in the manner specifically prescribed, and is impliedly forbidden in any others. (*Fellows* v. *Heer-*

*mans*, 13 Abb. Pr. [N. S.] 9.) Even where, after judgment, there has been an appeal the previous temporary injunction is abrogated by the judgment, and any new or further restraints must be contained in the final judgment or order, or cannot be granted at all. (*Gardner* v. *Gardner*, 87 N.-Y. 18; *People ex rel.* v. *Randall,*73 id. 416 ; *Spears* v. *Mathews*, 66 id. 128.) The rule is easily justified on principle. An injunction by order is a provisional remedy and temporary in its character. It assumes a pending litigation in which all questions are to be settled by a judgment, and operates only until that judgment is rendered. If by that a permanent injunction is granted, the temporary one is, of course, ended, and equally so if a permanent injunction is in the end denied. The order here appealed from cannot be sustained as a provisional remedy under the Code, for it conforms to none of the necessary conditions.

But a permanent injunction is in no sense a provisional remedy. It is always and must be final relief. A court of equity may grant it in an action where the pleadings show its necessity, and the remedy is asked as an element of the final relief sought ; but after judgment which does not award it, and which judgment is a final disposition of the action, there can be no permanent injunction granted upon affidavits and an order. In High on Injunctions (§ 1591) it is said that there is no precedent for granting a permanent injunction upon affidavits. There may be exceptions to that rule, but, when examined, most of them will appear to be cases in which the injunction was not final and permanent, or in which the action was still pending although an interlocutory judgment had been rendered. The case of *Travis* v. *Myers* (67 N. Y. 542) is an illustration. The action was against an assignee for the benefit of creditors to close up his trust. After a decree for an accounting, an injunction restraining suits at law was granted on motion. The court described the decree as interlocutory, so that the action was still pending and not ended by a final judgment which itself granted no restraint. It is possible, also, that such an injunction should be regarded as rather provisional than permanent, and intended merely to protect

the court's possession of the assets to be distributed until realized and finally divided. (*Thompson* v. *Brown*, 4 Johns. Ch. 619 ; *Atty. Gen.* v. *Guard. Mut. Life Ins. Co.*, 77 N. Y. 272.) But cases of this character, whether regarded as exceptional or not, furnish no authority for an injunction granted upon a motion, and founded on affidavits, which is permanent and final in its character, and assumes after a judgment has been rendered which imposes no restraint and reserves no right to apply upon the foot of the decree, to stay and enjoin finally and entirely the enforcement of a judgment in another court. That relief, subject, perhaps, to possible exceptions resting upon peculiar grounds, can only be given in an action properly brought and upon pleadings which warrant the relief.

There was, therefore, in this case no jurisdiction to make the order appealed from. Bunnell & McLaughlin had a regular judgment of foreclosure against Myers and could enforce it against him. It did not bind or affect the present plaintiffs, as it respected their liens. If for any sufficient reason they desired to prevent its enforcement, they should have served an amended or supplemental complaint charging the judgment of the District Court to have been fraudulent ; or if that relief in the pending action could not have been given by reason of its peculiar character, then they should have brought a new action to set aside or restrain the judgment of which they complained. If that action could not be maintained, it would be because the appellants' judgment was good against Myers, and could be enforced against him, and not good as against the lienors in the Common Pleas, who could pursue their own remedy unaffected by it. Those suggestions, however, would be equally an answer to an injunction sought on motion. Without discussing those questions, it is sufficient for present purposes to hold that the injunction granted was permanent and final, and beyond the authority of the court to grant on a mere motion founded upon affidavits.

The order should be reversed, with costs.

All concur.

Order reversed.