[Civ. No. 201. Fourth Appellate District.—January 21, 1930.]

PEOPLES DITCH COMPANY et al., Appellants, v. FOOTHILL IRRIGATION DISTRICT et al., Respondents.

H. Scott Jacobs and W. R. Bailey for Appellants.

Sidney J. W. Sharp, Guy Knupp, R. C. Leib, and A. E. Chandler for Respondents.

MARKS, J.—On July 2, 1928, appellants filed this action in the court below, seeking, among other things, to restrain respondents, and particularly the Foothill Irrigation District, from taking, appropriating or diverting from the Kings River any of the waters thereof, and further, to restrain respondents from drilling wells upon a tract of land known as the Conejo Well Field, and from pumping and removing from a designated tract of land any of the underground water underlying the same for transportation or use off of said tract, or from lessening or diminishing in any manner the underground body of water beneath or adjacent to the channel of Kings River or beneath or adjacent to the ditches, canals or lands of appellants or their stockholders, upstream from the head of the canal of the Lemoore Canal and Irrigation Company.

On July 2, 1928, an order to show cause was issued, directed to respondents, in which they were required to show cause why they should not be "enjoined and restrained, pending the trial and final determination of this action, from taking, appropriating or diverting from said Kings river any of the waters thereof, or from pumping or removing from the tract of land described in paragraph IX of the second cause of action of said plaintiffs' complaint any of the underground water underlying the same, for transportation from or use of said tract, or from lessening or diminishing in any manner the underground body of water beneath or adjacent to the channel of said Kings river, above and upstream from the head of the canal of the plaintiff Lemoore Canal and Irrigation Company, as described in said complaint, or beneath or adjacent to any of the ditches or canals of any of said plaintiffs, or beneath the lands of the respective stockholders of the said plaintiffs, or from lessening and diminishing in any manner the quantity of water flowing or to flow in said Kings river, above and upstream from the head of the canal of the plaintiff Lemoore Canal and Irrigation Company, as described in plaintiffs' complaint, or from lessening and diminishing in any manner the quantity of water flowing or to flow in the respective canals or ditches of said respective plaintiffs." The motion for the injunction *pendente lite* was denied on October 19, 1928, after a full hearing thereon and

appellants took this appeal to the Supreme Court from such order, and which appeal has been transferred to this court.

A trial of the action on its merits was had in the Superior Court of Kings County, which was concluded on April 3, 1929; findings of facts and conclusions of law were filed on August 26, 1929, and judgment was rendered in favor of defendants below and respondents here on the same date. An appeal from this judgment was also taken.

Respondents in the case under consideration are moving to dismiss the appeal from the order denying the injunction *pendente lite* upon the ground that the issues in this appeal have become moot for the reason that the action has been tried and determined upon its merits and a judgment entered after trial denying an injunction to appellants. Appellants are resisting the motion to dismiss upon the ground that the trial court attempted to reserve to itself the right to make such further order as may be necessary to protect the rights of appellants in the event that the pumping operations of respondents should deprive appellants of any water to which they were entitled. If we should agree with appellants, we would have to conclude that the judgment was not final, but interlocutory only. Appellants did not take this view of the case when they took an appeal from the judgment, because an appeal will lie from a final, but not from an interlocutory judgment (sec. 963, Code Civ. Proc.; *Pomper* v. *Superior Court,* 191 Cal. 494 [216 Pac. 577]), except when specially permitted by statute.

The findings of fact and conclusions of law are very full and complete. The wells proposed by respondents were not drilled at the time of the trial and the court found that it could not determine from the evidence that the completion of the wells and pumping water therefrom would in any way interfere with or lessen the water to which appellants asserted a prior right. The effect of this portion of the findings and judgment was a holding by the court below that the alleged injury to appellants was not proven. The court further found and adjudged that the respondents were entitled to drill their wells in the Conejo Well Fields, pump water therefrom and conduct it to and use it on the lands within their districts. The injunction sought by the appellants was denied. This portion of the judgment is conclusive, and determined the rights of the

parties under the facts existing at the time of the trial. The court continued in its judgment as follows: "provided, however, that such right of said defendants, or either or any of them is and shall be without prejudice to the right of the plaintiffs in this action, or either of them, to file such action or to take such proceedings as to them shall seem necessary in this action, in the event that the pumping and carrying away of said waters from said tract of land shall result in injury or damage to said plaintiffs, and the court reserves to itself the power and jurisdiction, upon a showing made herein by plaintiffs, or any of them, after reasonable notice to defendants, to find and determine the facts as to the result of such operations as may be conducted in said Well field, together with the right to grant to plaintiffs such relief by way of injunction as may be necessary to fully protect the water rights of plaintiffs against interference, damage or invasion by defendants by their said operations." Under this portion of the judgment appellants seek to defeat respondents' motion to dismiss this appeal.

It is not easy to see how we can escape the conclusion that the judgment rendered was final. It determined all the issues raised by the pleadings under the facts as they then existed which gives it the characteristics of a final judgment. (*Zappettini* v. *Buckles,* 167 Cal. 27 [138 Pac. 696]; *Gianelli* v. *Briscoe,* 40 Cal. App. 532 [181 Pac. 105]; *Howe* v. *Key System Transit Co.,* 198 Cal. 525 [246 Pac. 39].) The proviso contained in the judgment which we have quoted seems to have been inserted out of an abundance of caution so that the judgment might not be pleaded in bar of a future action should the pumping operations, when commenced, actually interfere with the water belonging to appellants. Should such a condition arise in the future after the wells were drilled, appellants could bring an appropriate action to protect their rights. Such an action would of necessity be based on the conditions then existing and they should not be hampered by the judgment in this case in protecting their ownership of the water. We do not believe that this proviso affects the finality of the judgment rendered and that its only result is to protect appellants in future litigation should such arise. The judgment already rendered is based on a complaint which

alleges a future or expected injury. Any future proceeding would have to be based upon allegations of actual and existing damage, which would in all probability require the filing of a new complaint in another action as it would be based on facts and conditions arising after the trial of the present case.

It appears from the record before us that the hearing on the motion for an injunction *pendente lite* was most carefully conducted by counsel for both sides and that the trial judge was fully informed on all phases of the issues presented. The record consists of many hundred pages of transcript. If the findings and judgment are any indication of the record made at the trial of the case, every question presented at the first hearing was again presented at the trial. The court below reached the same conclusions at both hearings.

It is well settled that an injunction *pendente lite* remains in force only until rendition of the final judgment in the case. When granted it is a provisional remedy that is merged in a perpetual injunction and thereupon the injunction *pendente lite* ceases to have any force or effect. (*Doudell* v. *Shoo,* 159 Cal. 448 [114 Pac. 579]; *Webber* v. *Wilcox,* 45 Cal. 301; *Harris* v. *McGregor,* 29 Cal. 125.) ''An injunction by order is a provisional remedy, and temporary in its character. It assumes a pending litigation in which all questions are to be settled by a judgment and operates only until the judgment is rendered. If by that a permanent injunction is granted, the temporary one is of course ended, and equally so if a permanent one is denied. (*Jackson* v. *Bunnell,* 113 N. Y. 220 [21 N. E. 79, 80].)'' The case of *Sheward* v. *Citizens' Water Co.,* 90 Cal. 635 [27 Pac. 439, 440], presents a somewhat similar state of facts to the one we are considering. In this case the plaintiff secured an injunction *pendente lite* and at the trial was given a permanent injunction against the defendant. The Supreme Court uses the following language: ''On the 8th of November, 1890, the defendant appealed from the judgment, and on the 19th of November, 1890, from the order of the injunction. The plaintiff has moved to dismiss the latter appeal, upon the ground that the final judgment awarding the plaintiff a perpetual injunction having been entered before such ap-

peal was taken, no appeal could thereafter be taken from the order. The order of injunction made October 20, 1890, was a provisional remedy, which, by its terms, was limited 'until further order in the premises.' Upon the entry of the final decree this provisional remedy was merged in the perpetual injunction thereby granted to the plaintiff, and ceased to have any operative effect upon the defendant. Its functions having thus terminated, there was thereafter no existing 'order' granting an injunction from which an appeal could be taken. (*Webber* v. *Wilcox*, 45 Cal. 301; *Lambert* v. *Haskell*, 80 Cal. 611 [22 Pac. 327]; *Gardner* v. *Gardner*, 87 N. Y. 14; *Jackson* v. *Bunnell*, 113 N. Y. 220 [21 N. E. 79].) It follows that the motion to dismiss the appeal from the provisional order of injunction must be granted.''

 For the reasons and upon the authorities hereinbefore cited, respondents' motion to dismiss the appeal from the order denying an injunction *pendente lite* is granted and such appeal is dismissed.

Sloane, P. J., and Barnard, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 17, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 20, 1930.

All the Justices concurred.