[Civ. No. 2811.   Fourth Dist.   July 21, 1941.]

ELIAS SHAHEN, Petitioner, v. THE SUPERIOR COURT OF SAN BERNARDINO COUNTY et al., Respondents.

John A. Hadaller for Petitioner.

Guthrie & Curtis and Donald W. Jordan for Respondents.

MARKS, J.—Petitioner seeks a peremptory writ of mandate commanding the respondent court to increase the bond required of plaintiffs in the case of *Weadon* v. *Shahen,* in the Superior Court of San Bernardino County, wherein plaintiffs sought to restrain the sale of certain real property under execution issued on a judgment in another case.   The trial judge fixed the bond on the temporary injunction at $500.   Petitioner's judgment, with interest, exceeds $2000, and the property which he sought to sell under execution has a value of at least $4600.   Petitioner maintains that the lien of his judgment on the property will expire on September 17, 1941.   He maintains that it was a breach of discretion on the part of the respondent judge to fix the bond on the temporary injunction at an amount less than the amount of his judgment.

The undertaking in question was given under the provisions of section 529 of the Code of Civil Procedure.   This section is found in Part II, Title VII, chapter three of that code.   Title VII treats with "Provisional Remedies in Civil

Actions," and a bond is ordinarily required only on the issuance of a temporary injunction. (*Lambert* v. *Haskell,* 80 Cal. 611 [22 Pac. 327].) A temporary injunction has served its purpose when, after a trial on the merits a permanent injunction is issued, upon the issuance of which no bond can be required in the ordinary case.

The case of *Weadon* v. *Shahen* was tried on its merits and a permanent injunction was issued enjoining petitioner from selling the real property under the execution. There is an appeal pending from that judgment.

The fact that the case was tried on its merits and a final judgment rendered under which petitioner is enjoined from proceeding with his execution sale disposes of the issues here presented.

In *Peoples Ditch Co.* v. *Foothill Irr. Dist.,* 103 Cal. App. 321 [284 Pac. 514], it was said: "It is well settled that an injunction *pendente lite* remains in force only until rendition of the final judgment in the case. When granted it is a provisional remedy that is merged in a perpetual injunction and thereupon the injunction *pendente lite* ceases to have any force or effect. (*Doudell* v. *Shoo,* 159 Cal. 448 [114 Pac. 579] ; *Webber* v. *Wilcox,* 45 Cal. 301; *Harris* v. *McGregor,* 29 Cal. 125.) 'An injunction by order is a provisional remedy, and temporary in its character. It assumes a pending litigation in which all questions are to be settled by a judgment and operates only until the judgment is rendered. If by that a permanent injunction is granted, the temporary one is of course ended, and equally so if a permanent one is denied. (*Jackson* v. *Bunnell,* 113 N. Y. 220 [21 N. E. 79, 80].)' "

In the case of *Sheward* v. *Citizens' Water Co.,* 90 Cal. 635 [27 Pac. 439], a preliminary injunction was issued, the case was thereafter tried on its merits and a permanent injunction was issued. The defendant appealed from the order granting the temporary injunction, and from the final judgment. In dismissing the appeal from the order, the Supreme Court said: "Upon the entry of the final decree this provisional remedy was merged in the perpetual injunction thereby granted to the plaintiff, and ceased to have any operative effect upon the defendant. Its functions having thus terminated, there was thereafter no existing 'order' granting an injunction from which an appeal could be taken. (*Webber*

v. *Wilcox*, 45 Cal. 301; *Lambert* v. *Haskell*, 80 Cal. 611 [22 Pac. 327] ; *Gardner* v. *Gardner*, 87 N. Y. 14; *Jackson* v. *Bunnell*, 113 N. Y. [216] 220 [21 N. E. 79].) ''

It follows, that as the case has been tried on its merits and a permanent injunction has issued, there is no preliminary injunction upon which we may order any bond to be given. We cannot order any bond on the issuance of the permanent injunction after final judgment, under the facts before us.

However, petitioner may not be without a remedy. (See, *Food etc. Bureau* v. *Garfield*, 18 Cal. (2d) 174 [114 Pac. (2d) 579].)

The alternative writ of mandate is discharged and the peremptory writ is denied.

Barnard, P. J., and Mundo, J., *pro tem.*, concurred.

Petitioner's application for a hearing by the Supreme Court was denied September 13, 1941. Curtis, J., did not participate therein.