THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALLENDER COMPANY, INCORPORATED, et al., Defendants.

Supreme Court, Special Term, New York County, August 9, 1943.

*Nathaniel L. Goldstein, Attorney-General (Harry Kirshbaum* of counsel), for plaintiff.

*Samuel I. Ohringer* for defendant.

BOTEIN, J. This is a motion by the Attorney-General for a *permanent injunction* restraining the corporate and individual defendants from issuing, distributing, selling, et cetera, any securities within or from the State of New York.

The motion is made upon the summons, complaint, and an affidavit by an Assistant Attorney-General, pursuant to the provisions of article 23-A of the General Business Law. Section 357 of that statute provides that " the provisions of the civil practice act shall apply to all actions brought under this article except as herein otherwise provided." There is no authorization in the Civil Practice Act for the granting of a *permanent* injunction before and without a trial. (See *Oppenheim* v. *Thanasoulis,* 123 App. Div. 494; *Jackson* v. *Bunnell,* 113 N. Y. 216, 220.) Likewise, no provision sanctioning the procedure pursued by the Attorney-General is to be found in article 23-A. Therefore, the words " except as herein otherwise provided ", in the aforementioned section 357, are unimplemented and of no avail to the applicant.

Section 353 of the General Business Law authorizes the Attorney-General, when he is satisfied that any person or firm " has engaged in, is engaged or is about to engage in any of the practices or transactions heretofore referred to as and declared to be fraudulent practices," to bring an action to enjoin such person or firm from continuing or engaging in such fraudulent practices. A further reading of this section empowers the Attorney-General, if he believes that such person or firm " actually *has* or is engaged in such fraudulent practice " (emphasis the court's), to " include in such action an application to enjoin permanently " such person or firm from selling or offering for sale within this State securities issued or to be issued.

These provisions, in the court's opinion, do not authorize the Attorney-General to apply for or obtain a permanent injunction upon a contested motion made prior to trial. The latter portion of section 353 referred to in the preceding paragraph seems to broaden the base of the injunctive relief which may be obtained by the Attorney-General in those instances in which the defendant has actually engaged in fraudulent practices. In such cases the Attorney-General may seek not only to enjoin further fraudulent practices similar to those complained of, but he may seek the thoroughgoing prophylaxis of an injunction against all sales of or offers to sell securities, even if they do not involve fraudulent practices.

The Attorney-General's contentions are not advanced by the following sentence in section 353: " In said action an order or a judgment may be entered awarding the relief applied for or so much thereof as the court may deem proper." The use of the word " order " does not necessarily indicate a legislative intent that a permanent injunction be granted on a preliminary contested motion. Its inclusion was most likely due to a desire to provide for cases where the application would be unopposed, or where it would be granted only to the extent of awarding temporary relief. Certainly, in the absence of a clear and unmistakable authorization, there cannot be tortured from the above-quoted sentence a legislative intent that final judgment be granted upon a motion made in form otherwise limited to applications for provisional relief.

Nor may the application be granted as one for summary judgment or for judgment on the pleadings. The action is not one of the equity causes enumerated in rule 113 of the Rules of Civil Practice, wherein a motion for summary judgment is authorized. Judgment on the pleadings cannot be granted, as the motion is made on the summons and complaint only, without inclusion of the defendants' answer.

The motion is, however, granted to the extent of awarding a *temporary* injunction restraining sales or offers to sell securities. Clearly, the individual defendant has actually engaged in practices which are fraudulent within the purview of article 23-A. It is therefore unnecessary, under section 353, to show that he is about to engage in business. As to the corporation, it is controlled and dominated by the individual defendant and it has also been guilty of fraudulent practices. It has ceased to function actively, its officers and directors have resigned, and its franchise taxes have not been paid for more than a year and a half. Therefore, it will not be harmed or prejudiced by the granting of a temporary injunction. Settle order.